IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Thomas Booth, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:21-cv-1466-BHH |
| v. ) | |
| ) | |
| Gov. Henry Dargan McMaster; ) | **ORDER** |
| James Lucas; G. Murrell Smith Jr.; ) | |
| Brian P. Stirling, *Director SCDC*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Joseph Thomas Booth's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983 against various state officials. On August 16, 2021, Governor Henry Dargan McMaster ("McMaster") filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 40.) Thereafter, on August 19, 2021, Speaker of the South Carolina House of Representatives James Lucas ("Lucas") and Chairman of the South Carolina House of Representatives Ways and Means Committee G. Murrell Smith, Jr. ("Smith") also filed a motion to dismiss or, alternatively, for judgment on the pleadings, under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (ECF No. 48.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a United States Magistrate Judge for preliminary determinations. On January 14, 2022, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant these Defendants' motions to dismiss under Rule 12(b)(6) for failure to state a claim

upon which relief can be granted.[1]  The Magistrate Judge further recommended that the Court find moot these Defendants' later-filed motions for summary judgment.  (ECF Nos. 76 and 78.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  On January 28, 2022, Plaintiff filed a response to the Report, agreeing with the Magistrate Judge's Report, "albeit reluctantly," and asserting that Plaintiff will continue to maintain suit against Defendant Brian P. Stirling, Director of the South Carolina Department of Corrections.  (ECF No. 85 at 1.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life*

---

[1] As the Magistrate Judge explained, a motion to dismiss pursuant to Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  *Id.*  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Twombly*, 550 U.S. at 678.

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party filed objections to the Magistrate Judge's Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Stated plainly, Defendants McMaster, Lucas, and Smith have absolute legislative immunity from suit based on any action or inaction they took with respect to the enactment of the budget proviso at issue in this case. Additionally, to the extent Plaintiff seeks prospective injunctive relief, none of these Defendants has the required special relation to the proviso at issue to permit suit against them as state officials under *Ex Parte Young.*

Accordingly, for the foregoing reasons, the Court adopts the Magistrate Judge's Report (ECF No. 83) in full and specifically incorporates it herein, and the Court grants the Rule 12(b)(6) motions to dismiss filed by Defendants McMaster, Lucas, and Smith (ECF Nos. 40 and 48). Based on the dismissal of these Defendants, the Court also finds moot their motions for summary judgment (ECF Nos. 76 and 78).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 15, 2022
Charleston, South Carolina